# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street, NW, Suite 600,<br>Washington, DC 20006<br><br>       *Plaintiff*,<br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW,<br>Washington, DC 20536<br><br>       *Defendant*. | Civil Action No. |

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Immigration and Customs Enforcement ("**ICE**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington DC. Defendant is a component of the U.S. Department of Homeland Security ("**DHS**"). Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 29, 2024, Plaintiff submitted a FOIA request ("**FOIA Request**") to ICE which sought the following records:

> **1) All records sufficient to show the total cost of the "265,994 prescriptions filled" in 2023.[1]**
>
> **2) All records sufficient to show the quantity of the "prescriptions filled"[2] for FY 2021 and FY 2022, respectively, as well as their associated total costs for each fiscal year.**
>
> **3) All records sufficient to show the total number of psychotropic "prescriptions filled"[3] for FY 2021, FY 2022, and FY 2023 respectively.**
>
> **Information helpful to fulfilling the request: The information sought relates to the cost and quantities associated with the central graphic on ICE's website: https://www.ice.gov/features/health-service-corps**

---

[1] https://www.ice.gov/features/health-service-corps.
[2] *Id.*
[3] *Id.*

**(Exhibit 1.)**

6.       Defendant assigned the FOIA Request FOIA number 2024-ICFO-22525 via its Secure Release Portal. (**Exhibit 2**.)

7.       Despite the expiration of the time limits prescribed by FOIA, as of the date of this Complaint, Defendant has yet to provide Plaintiff a "determination" as required by law. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Within the time limits prescribed by FOIA, to trigger the administrative exhaustion requirement, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.")

## COUNT I

### Failure to make determination by required deadline
### (Violation of FOIA, 5 U.S.C. § 552)

8.       Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.       Defendant is in violation of FOIA.

10.      Defendant was required to make a final determination on Plaintiff's FOIA Request no later than April 11, 2024. Because Defendant failed to make a final determination on Plaintiff's FOIA Request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

**Requested Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated:   June 17, 2025                              Respectfully submitted,

                                                    */s/ Colin M. Farnsworth*

Colin M. Farnsworth
D.C.C. Bar I.D. # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185 ext. 126
Email: cmf@cis.org
